UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:09-17-JMH |
| ) | (Civil Action No. 5:11-7170-JMH- |
| v. ) | EBA) |
| ) | |
| MANUEL LEE PATTON, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION & ORDER** |

\*\*   \*\*   \*\*   \*\*   \*\*

Defendant Manuel Lee Patton has moved, *pro se*, for relief under 28 U.S.C. § 2255 [DE 52]. The United States responded in opposition [DE 58], and Defendant Patton filed a Reply [DE 60] in further support of his request for relief. On December 8, 2011, Magistrate Judge Edward B. Atkins recommended that the Court deny the requested relief on all grounds and opined that no hearing was necessary [DE 61]. Patton filed his objections [DE 62] and an amended set of objections [DE 63] to the recommended disposition of the case. Accordingly, the Magistrate Judge's Report and Recommendation is now ripe for review. The Court has considered the matter *de novo* and concludes that no relief is in order for the reasons stated in the Magistrate Judge's recommended disposition and for the additional reasons articulated below.

**A. Validity of Patton's Guilty Plea**

As an initial matter, the Court is unpersuaded that Patton's contention that his guilty plea was neither knowing or voluntary

-1-

because he was under the influence of drugs before, during, and after the proceeding. A plea of guilty is valid only if it is entered voluntarily and intelligently, *Bousley v. United States*, 523 U.S. 614, 618 (1998), as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The record should reflect a full understanding of the direct consequences of a guilty plea so that the plea represents a voluntary and intelligent choice among alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991). In Patton's case, he testified under oath at his rearraignment that he was **not** under the influence of drugs and was capable of entering a knowing and voluntary plea in that regard. Such a statement is entitled to a great presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

While his late-breaking, unsworn, and conclusory assertion that he was "extremely high off of the effects of smoking marijuana that day of the plea and many days prior to the day of the plea, and many days after the entry of the plea of guilty" flatly contradicts the assurances that he made in open court, it is not enough to overcome the presumption of truthfulness afforded his statements under oath, without something more. Nor is it necessary to conduct an evidentiary hearing for "the truth to come out as to the defendant being under the influence of drug[s]" at the time he

entered his guilty plea, as Patton urges, even when his history of drug addiction and drug use is considered.

Rather, the undersigned recalls Patton's demeanor and appearance when before the Court on the day in question. He appeared lucid and capable of understanding the nature of the proceeding. He asked questions and was provided with more time to consider his position and how he wished to proceed and to consult with his wife and attorney before finally entering a guilty plea. The record reflects that he answered the Court's questions under oath in a lucid and coherent manner, including his responses to the Court's inquiry into whether he was under the influence of drugs, and was able to relate the details of his crime. In the absence of something more than an unsubstantiated assertion that he was "high," the Court has no reason to doubt the soundness of Patton's statements under oath on that day or to reach the conclusion that he was under the influence of marijuana or any other drug at that time.

Moreover, between the time he entered his guilty plea and the time he filed his § 2255 motion with supporting affidavits - a period of over two years - Patton did not mention of him being "high" during his rearraignment. In fact, neither his affidavit nor that of his spouse makes such an assertion. Of interest, a letter from Patton which was included in his sentencing memorandum [DE 31] contains no mention of any purported marijuana usage prior to his guilty plea. Indeed, in his Presentence Investigation

Report [DE 37], he disclaimed any marijuana usage after February 9, 2009. Consequently, he has failed to overcome the presumption of truthfulness afforded his sworn statements at his rearraignment, and Patton's woefully belated claim for relief has no merit. It certainly does not warrant an evidentiary hearing.

**B.   Ineffective Assistance of Counsel**

As to Patton's "disagreement" with the Magistrate Judge's recommendation that this Court deny relief on his claim of ineffective assistance of counsel, it is without merit. Patton makes no objection to the analysis of the Magistrate Judge with respect to the arguments raised in his Motion. Rather, he argues for the first time that his counsel was ineffective because he never argued for the suppression of the drugs and firearm found in his home because such a small amount of drugs was found in the trash pull. He argues that the warrant, under the auspices of which the search of his home was conducted, was unsupported by probable cause.

The Court of Appeals for the Sixth Circuit has already determined that "probable cause [is] clinched [with respect to the warrant] by the drug detritus found in Patton's trash." *United States v. Patton*, 411 Fed. App'x 806, 809 (6th Cir. 2011). In other words, Patton's concerns about the fact that such small amounts of illegal drugs were found in the trash would not provide a basis to challenge the issuance of a search warrant. Thus, his counsel could not have been ineffective for failing to move specifically to

suppress the evidence of marijuana and firearm as fruits of an unlawful search on this ground. As with his other arguments with respect to the assistance he received from counsel, there is nothing to indicate that counsel's representation fell below an objective standard of reasonableness, and Patton's claim of ineffective assistance of counsel is without merit. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

**C.  Actual Innocence**

Nor is the Court persuaded by Patton's argument that his counsel was ineffective for failing to raise certain issues or that he is actually innocent (1) because of his conclusory assertion that felony convictions (here, presumably those underlying a felon-in-possession charge) are often overturned or vacated due to evidence which shows that a person is not guilty and (2) because his wife was the person in possession of the firearm and has filed an affidavit in which she seeks to absolve "her husband, Manuel Lee Patton . . . of any liability whatsoever that is connected with that firearm."

As far as this Court has been informed, no court has overturned or vacated the earlier convictions upon which Patton's conviction for being a felon in possession of a firearm is based. Further, reversal of a felony underlying a felon in possession conviction does not render the felon in possession conviction invalid. *See Lewis v. United States*, 445 U.S. 55, 64-65 (1980) ("[T]o limit the scope of §§ 922(g)(1) and (h)(1) to a validly

convicted felon would be at odds with the statutory scheme as a whole.  Those sections impose a disability not only on a convicted felon but also on a person under a felony indictment, even if that person subsequently is acquitted of the felony charge. . . . It seems fully apparent to us . . . that Congress clearly intended that a defendant clear his status before obtaining a firearm.") (emphasis in original omitted).

As for the affidavit submitted by Patton's wife, Lafleesha Patton, in which she explains that she was responsible for accepting the firearm from a cousin for safekeeping in the Patton's home, it has no bearing on the outcome of these proceedings.  The Magistrate Judge has offered the correct analysis.  A conviction under 18 U.S.C. 922(a)(1) can be supported by a finding of actual or constructive possession of a firearm. "In contrast to a situation where the defendant has physical contact with a firearm - e.g., he holds it, holsters it, or keeps it in a place where it is immediately accessible - constructive possession may be proven if the defendant merely had 'dominion over the premises where the firearm is located.'"  *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007) (quoting *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir.2007)); *see also United States v. Craven*, 478 F.2d 1329, 1333-34 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977).

Patton admitted that the Taurus .38 caliber revolver pistol was found in the upstairs master bedroom of his house, along with

another four rounds of ammunition, and that the pistol had traveled in interstate commerce. On the day of his arrest, he admitted to the arresting officers that they would find a gun in his house if they searched it. It does not matter whether that pistol was the property of Lafleesha Patton or her cousin. Rather, the facts to which Defendant admitted support the conclusion that he had constructive possession of the firearm and establish that he was a felon in possession of the firearm in question and, thus, in violation of § 922(a)(1).

**D.  Sentence in Excess of Maximum Allowed by Law**

Patton also argues that he should not have been sentenced as a career criminal under 18 U.S.C. § 924(e)(2)(A)(iii) because his prior felony convictions each carried only a maximum sentence of seven years while 18 U.S.C. § 924(e) requires that the underlying felony convictions carry a maximum sentence of ten years. He makes no effort, however, to show cause to excuse his failure to raise the claim on appeal or to demonstrate prejudice – nor could he.

Notably, among the crimes for which he was sentenced in the Fayette Circuit Court in 2002, there were three counts of trafficking in a controlled substance, 1st degree. Trafficking in a controlled substance, 1st degree, was a Class C felony under the Kentucky Controlled Substances Act at the time of Defendant's sentencing before the Fayette Circuit Court. KRS 218A.1412 (West 2001). Sentences authorized for Class C felonies under the Kentucky Revised Statutes then in effect were "not less than five

(5) years nor more than ten (10) years." KRS 532.060(West 2001). While he was sentenced to seven years imprisonment on one count and 5 years on the other two counts, he faced a maximum sentence of ten years for each count, bringing this matter within the purview of 18 U.S.C. § 924(e). His claim for relief on this ground is without merit.

**E.   Certificate of Appealability**

Finally, this Court must determine whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Patton must show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). The Court is of the opinion that Patton has not made a substantial showing that he was denied a constitutional right, and no certificate shall issue.

**F.   Conclusion**

Having considered the matter *de novo* in light of Patton's objections, **IT IS ORDERED**:

(1) that Magistrate Judge Atkins' recommended disposition of the case [DE 61] is **ACCEPTED** and **ADOPTED.**

(2) That the motion for relief under 28 U.S.C. § 2255 [DE 52] is **DENIED** in its entirety.

(3) That no certificate of appealability shall issue.

This the 5th day of January, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge